IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'11 DEC -6  P 4 :44

CLERK, U.S. DISTRICT COURT
Cm

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action |
| ) | |
| vs. ) | No. 11-10028-01-EFM |
| ) | |
| SHAWN MARSHAL CHRISTIANSEN, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The United States of America, by Jason W. Hart, Assistant U.S. Attorney, and Shawn M. Christiansen, the defendant, personally and by and through his attorney, Steve Mank, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges a violation of Title 18, United States Code, § 2251(a), that is, Production of Child Pornography. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which the defendant has agreed to plead guilty is not less than fifteen (15) years nor more than thirty (30) years of imprisonment (see 18 U.S.C. § 2251(e)), a $250,000 fine (see 18 U.S.C. § 3571(b)(3)), a term of supervised release of up to life but not less than five (5) years (see 18 U.S.C. § 3583(k)), and a $100 mandatory special assessment. The United States agrees that at the time of sentencing it will move for dismissal of the remaining count of the Indictment and make or join in sentencing recommendations set forth below.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

In the course of investigating another individual located in North Dakota, ICE agents found evidence that the individual had received and recorded a live streaming video depicting the lascivious exhibition of genitals of a minor child. The recording was from December 6, 2009. The recording showed an adult male positioning a boy, approximately 4-6 years old, in front of a webcamera. The adult male then exposed the boy's genitals by pulling down the boy's pants and underwear. The recording provided sufficient detail to identify both the adult male and the minor child, including the their faces and Yahoo user information. ICE agents were able to match a DL photo of the defendant, Shawn Marshal Christiansen, to the adult male in the recording. ICE agents were also able to analyze a computer used by the Defendant and found chat-logs between the Defendant and the individual in North Dakota. Those chats referenced the Defendant exposing the minor child's genitals via the webcamera. The video traveled in interstate commerce, by computer via the internet.

Such conduct constituting the offense in **Count 1, a violation of 18 U.S.C. § 2251(a), Production of Child Pornography.**

3. **Application of the Sentencing Guidelines.** The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties understand this agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal

activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Agreements.**

    a. **Government's Agreements**: In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas has agreed: to dismiss Count 2 of the Indictment; to recommend the defendant receive the full reduction for acceptance of responsibility; to recommend a term of supervised release of 5 years.

    b. **Defendant's Agreements**: In exchange for the defendant's plea of guilty as set forth herein, the defendant has agreed: admit the forfeiture allegation contained in the indictment. As part of the plea agreement, the defendant retains his right to argue for a departure.

    c. **Breach of Agreement:** The government's obligation concerning its agreements listed in paragraph 5a are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or otherwise failed to adhere to its terms, the United States shall not be bound by paragraph 5a and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant

understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

8. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver payment in the appropriate amount at the time of sentencing or during his period of incarceration. The burden of establishing an inability to pay the required special assessment lies with the defendant.

9. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein

including the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under 18 U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by 18 U.S.C. § 3742(a).

Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

10. **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11.     **Full Disclosure by United States.**   The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities.  The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty.  The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

12.     **Offender Registration.** The defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions:  the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes the name, residence address and the names and addresses of any places at which the defendant is or will be an employee or student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

13.     **Parties to the Agreement.**    The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14.     **No Other Agreements.**    The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant

acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

Date: 12-6-11

Jason W. Hart
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
Kan. Sup. Ct. No. 20276

Date: 12-6-11

Brent Anderson  Mike Warner for
Criminal Coordinator

Date: 12-6-11

Shawn Marshal Christiansen
Defendant

Date: 12.6.11

Steve Mank
Ariagno, Kerns, Mank & White, L.L.C.
328 North Main Street
Wichita, Kansas 67202
(316) 265-5511
Kan. Sup. Ct. No. 12709
Attorney for the Defendant

8