AO 245B (Rev. 03/2007) - Judgment in a Criminal Case

# United States District Court
## District of Kansas

UNITED STATES OF AMERICA
v.
SHAWN MARSHAL CHRISTIANSEN

**JUDGMENT IN A CRIMINAL CASE**

Case Number:    6:11CR10028-001

USM Number:    20904-031

Defendant's Attorney  Steven D. Mank

**THE DEFENDANT:**

[x]  pleaded guilty to count: 1 of the Indictment .
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | Production of Child Pornography | December 6, 2009 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[x]  Count 2 of the Indictment is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

June 5, 2012
Date of Imposition of Judgment

*/s/ Eric F. Melgren*
Signature of Judge

Honorable Eric F. Melgren, U.S. District Judge
Name & Title of Judge

June 6, 2012
Date

AO 245B (Rev. 06/05) Judgment in a Criminal Case---Imprisonment

DEFENDANT: SHAWN MARSHAL CHRISTIANSEN  
CASE NUMBER: 6:11CR10028-001

Judgment - Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>236 months</u> .

[ ] The Court makes the following recommendations to the Bureau of Prisons:

[**x**] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ on ___ .

    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before ___ on ___ .

    [ ] as notified by the United States Marshal.

    [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

 

UNITED STATES MARSHAL

By _____  
       Deputy U.S. Marshal

| | | |
|---|---|---|
| DEFENDANT: | SHAWN MARSHAL CHRISTIANSEN | Judgment - Page 3 of 7 |
| CASE NUMBER: | 6:11CR10028-001 | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 years .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable)

[x]     The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable)

[x]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable)

[x]     The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student.  For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of residence.  Registration shall occur not later than 3 business days after being sentenced, if the defendant is not sentenced to a term of imprisonment.  The defendant shall, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information required.  (Check if applicable)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable)

If this judgment imposes a fine or restitution, it is to be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or the probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 10/2011) Judgment in a Criminal Case ---Supervised Release

DEFENDANT:         SHAWN MARSHAL CHRISTIANSEN                                    Judgment - Page 4 of 7
CASE NUMBER:    6:11CR10028-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or other dangerous weapon.

2. The defendant shall abstain from the use of alcohol during the term of supervision.

3. The defendant shall successfully participate in an approved program for substance abuse, which may include urine, breath, or sweat patch testing, outpatient and/or residential treatment, and share in the costs, based on the ability to pay. The defendant shall abstain from the use of alcohol and other intoxicants during said treatment program as directed by the Probation Office.

4. During the course of supervision, the defendant shall make regular monthly child support payments in accordance with any payment plan established by state authorities.

5. The defendant shall refrain from any unsupervised contact with minors during the term of supervision unless approved by the probation officer.

6. The defendant shall maintain and submit to the U.S. Probation Officer a complete and current inventory of his/her computer equipment. He/She shall submit a monthly record of computer use and bills pertaining to computer access to the U.S. Probation Officer.

7. The defendant may access on-line, computer, or Internet services, except that the defendant shall not access any on-line, computer, or Internet services, sites, or media that include or feature material that depicts sexually explicit conduct involving adults or minor[s], child pornography, or visual depictions of minor[s] engaged in sexually explicit conduct, all as defined in 18 U.S.C. § 2256.

8. The defendant shall neither possess nor have under his/her control any material that depicts sexually explicit conduct involving adults or minor[s], child pornography, or visual depictions of minor[s] engaged in sexually explicit conduct, all as defined in 18 U.S.C. § 2256.

9. The defendant shall not use or possess any data encryption device, program, or technique for computers.

10. During the term of supervision the defendant shall only use his/her true name and identifiers (such as date of birth, social security number, driver's license number) for purposes of establishing credit, screen names, utility services, including any services related to computer or electronic equipment or contracts, and registration related to computer related activities.

11. The defendant will not use any software program or device designed to hide, alter, or delete records/logs of his/her computer use, Internet activities, or the files stored on the assigned computer. This includes the use of encryption, steganography, and cache/cookie removal software.

12. The defendant will not install new hardware or effect repairs on his/her computer system without receiving prior permission from the probation officer.

13. The defendant understands that the probation officer may use measures to assist in monitoring compliance with these conditions such as placing tamper resistant tape over unused ports and to seal his/her computer case and conducting a periodic hardware/software audit of his/her computer.

14. The defendant shall submit release of information allowing the U.S. Probation Officer authorization to verify utility and telephone access (services) and bills (both past and present) to his/her residence.

AO 245B (Rev. 10/2011) Judgment in a Criminal Case ---Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | SHAWN MARSHAL CHRISTIANSEN | Judgment - Page 5 of 7 |
| CASE NUMBER: | 6:11CR10028-001 | |

15. The defendant shall provide a complete record of all passwords and user identifications (both past and present) to the U.S. Probation Officer and shall not make any changes without the prior approval of the U.S. Probation Officer.

16. The defendant shall consent to the United States Probation Office conducting periodic unannounced and/or random examinations of his/her computer(s), Internet-capable devices, hardware, and software under the defendant's control which may include retrieval and copying of all data from his/her computer(s). This also includes the removal of such equipment, if necessary, for the purpose of conducting a more thorough inspection.

17. The defendant shall consent, at the direction of the United States Probation Officer, to having installed on his/her computer(s), any hardware or software systems to monitor his/her computer use, at the defendant's expense, which may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. Any software/hardware device installed will monitor the computer and Internet access of the defendant on a random and/or regular basis and may be disabled or removed by the Probation Office at any time during the term of supervision. The Probation Office may re-install/enable any software/hardware device used to monitor the computer and Internet access of the defendant at any time. The defendant further understands that a notice may be placed on the computer at the time of installation to warn others of the existence of the monitoring software placed on his/her computer.

18. The defendant will not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software.

19. The defendant shall submit his/her person, house, residence, vehicle(s), papers, business or place of employment and any property under the defendant's control to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

20. The defendant shall successfully participate in a mental health treatment program and/or sex offender treatment program. The defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, which may include plethysmograph, polygraph, and visual reaction testing as approved by the Probation Office to assess the defendant's risk level and determine if the defendant is in compliance with the conditions of supervision. The defendant shall contribute to the cost based on the ability to pay.

AO 245B (Rev.12/11) Judgment in a Criminal Case---Criminal Monetary Penalties

| DEFENDANT: | SHAWN MARSHAL CHRISTIANSEN | Judgment - Page 6 of 7 |
|---|---|---|
| CASE NUMBER: | 6:11CR10028-001 | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the Schedule of Payments set forth in this Judgment.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ | $ |

[ ]  The determination of restitution is deferred until  . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]  The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ | $ | |

[ ]  Restitution amount ordered pursuant to plea agreement $ 

[ ]  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options set forth in this Judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ]  the interest requirement is waived for the     [ ] fine and/or     [ ] restitution.

[ ]  the interest requirement for the     [ ] fine and/or     [ ] restitution is modified as follows:

 * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| DEFENDANT: SHAWN MARSHAL CHRISTIANSEN | Judgment - Page 7 of 7 |
| CASE NUMBER: 6:11CR10028-001 | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ ]  Lump sum payment of $ due immediately, balance due

    [ ]  not later than ____, or

    [ ]  in accordance with ( ) C, ( ) D, ( ) E, or ( ) F below; or

B [x]  Payment to begin immediately (may be combined with ( ) C, ( ) D, or (x) F below); or

C [ ]  Payment in monthly installments of not less than 5% of the defendant's monthly gross household income over a period of __ years to commence __ days after the date of this judgment; or

D [ ]  Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of __ years, to commence __ days after release from imprisonment to a term of supervision; or

E [ ]  Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [x]  Special instructions regarding the payment of criminal monetary penalties:

If restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25.

Payments should be made to Clerk, U.S. District Court, U.S. Courthouse - Room 259, 500 State Avenue, Kansas City, Kansas 66101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount Joint and Several Amount and corresponding payee, if appropriate.

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States. Payments against any money judgment ordered as part of a forfeiture order should be made payable to the United States of America, c/o United States Attorney, at 301 N. Main, Ste 1200, Wichita, KS 67202 Attn: David Stevens.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, (8) costs, including cost of prosecution and court costs.