IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) District Court |
| Plaintiff, | ) Case No. |
| vs. | ) 11-10028 |
| | ) |
| SHAWN MARSHAL CHRISTIANSEN, | ) Circuit Court |
| | ) Case No. |
| Defendant. | ) 12-3161 |


TRANSCRIPT OF PLEA HEARING

On the 6th day of December, 2011, came on to be heard proceedings in the above-entitled and numbered cause before the HONORABLE ERIC F. MELGREN, Judge of the United States District Court for the District of Kansas, sitting in Wichita, commencing at 3:59 p.m.  Proceedings recorded by machine shorthand.  Transcript produced by computer-aided transcription.


APPEARANCES:

The plaintiff appeared by and through:
          Mr. Jason W. Hart
          United States Attorney's Office
          301 North Main
          1200 Epic Center
          Wichita, Kansas  67202

The defendant appeared by and through:
          Mr. Steven D. Mank
          Ariagno, Kerns, Mank & White
          328 North Main
          Wichita, Kansas 67202

12-6-11   USA v. CHRISTIANSEN   11-10028

2

| | | |
|---|---|---|
| 15:59:22 | 1 | COURTROOM DEPUTY:  All rise.  The United States |
| 16:00:14 | 2 | District Court for the District of Kansas is now in session, |
| 16:00:16 | 3 | the Honorable Eric F. Melgren presiding. |
| 16:00:19 | 4 | THE COURT:  Good afternoon.  You may be seated. |
| 16:00:23 | 5 | The matter that comes before the court this |
| 16:00:26 | 6 | afternoon is the case of the United States versus Shawn Marshal |
| 16:00:29 | 7 | Christiansen, Case No. 11-10028-01.  The United States appears |
| 16:00:36 | 8 | by Assistant United States Attorney Jason Hart.  Defendant |
| 16:00:39 | 9 | appears in person and by his counsel Steven Mank. |
| 16:00:43 | 10 | Sir, are you Shawn Marshal Christiansen? |
| 16:00:47 | 11 | THE DEFENDANT:  Yes, Your Honor. |
| 16:00:48 | 12 | THE COURT:  I'm going to ask you some questions |
| 16:00:50 | 13 | this afternoon, and your answers will be under oath and on the |
| 16:00:54 | 14 | record. |
| 16:00:55 | 15 | THE DEFENDANT:  Yes, sir. |
| 16:00:55 | 16 | THE COURT:  And that means that if you were to |
| 16:00:58 | 17 | change your answer or give false answers, the United States |
| 16:01:01 | 18 | could prosecute you for perjury or for false statements.  You |
| 16:01:04 | 19 | understand? |
| 16:01:04 | 20 | THE DEFENDANT:  Yes, sir. |
| 16:01:05 | 21 | THE COURT:  Do you have any objection to taking an |
| 16:01:06 | 22 | oath to tell the truth in this hearing? |
| 16:01:08 | 23 | THE DEFENDANT:  No, sir. |
| 16:01:09 | 24 | THE COURT:  All right.  Would you please stand and |
| 16:01:11 | 25 | the court deputy will swear you in. |

3

| | | |
|---|---|---|
| 16:01:13 | 1 | COURTROOM DEPUTY:  Will you raise your right hand, |
| 16:01:15 | 2 | please.  You do solemnly swear that the statements given in the |
| 16:01:19 | 3 | petition to enter a plea of guilty herein are true and correct, |
| 16:01:23 | 4 | and that any oral statements you make at this hearing are true |
| 16:01:28 | 5 | and correct, so help you God?  If so, please say, "I do." |
| 16:01:32 | 6 | THE DEFENDANT:  I do. |
| 16:01:32 | 7 | COURTROOM DEPUTY:  Thank you. |
| 16:01:33 | 8 | THE COURT:  Thank you, Mr. Christiansen.  You can |
| 16:01:35 | 9 | be seated and you can answer my questions while you're sitting |
| 16:01:37 | 10 | at the table, unless I direct you otherwise. |
| 16:01:39 | 11 | I'm told that you are 37 years old and you've been |
| 16:01:45 | 12 | educated up through two years of college.  Is that accurate? |
| 16:01:48 | 13 | THE DEFENDANT:  Yes, sir. |
| 16:01:49 | 14 | THE COURT:  Have you had any alcohol to drink in |
| 16:01:51 | 15 | the last 24 hours? |
| 16:01:52 | 16 | THE DEFENDANT:  No, sir. |
| 16:01:53 | 17 | THE COURT:  Have you taken any drugs or medication |
| 16:01:55 | 18 | of any kind, whether legal or otherwise, at any time in the |
| 16:01:58 | 19 | past seven days? |
| 16:02:00 | 20 | THE DEFENDANT:  Yes, Your Honor. |
| 16:02:01 | 21 | THE COURT:  What have you taken? |
| 16:02:03 | 22 | THE DEFENDANT:  I'm prescribed an antidepressant. |
| 16:02:06 | 23 | I take it every morning. |
| 16:02:08 | 24 | THE COURT:  All right.  Anything else? |
| 16:02:09 | 25 | THE DEFENDANT:  No. |

| | | |
|---|---|---|
| 16:02:10 | 1 | THE COURT:  Does the antidepressant medication |
| 16:02:13 | 2 | interfere with your ability to understand clearly what's going |
| 16:02:17 | 3 | on or to make rational and informed responses to it? |
| 16:02:22 | 4 | THE DEFENDANT:  No, sir. |
| 16:02:22 | 5 | THE COURT:  Very well.  Have you ever been under |
| 16:02:26 | 6 | the care of a doctor or a health care provider for any mental |
| 16:02:29 | 7 | health or emotional health issues? |
| 16:02:30 | 8 | THE DEFENDANT:  Yes, sir. |
| 16:02:31 | 9 | THE COURT:  Tell me about that. |
| 16:02:32 | 10 | THE DEFENDANT:  I've been seeing Dr. -- Dr. John |
| 16:02:36 | 11 | Reed.  He's a clinical psychiatrist. |
| 16:02:39 | 12 | THE COURT:  Is he the one that prescribed the |
| 16:02:40 | 13 | antidepressant to you? |
| 16:02:41 | 14 | THE DEFENDANT:  No, the -- I'm in Harvey County |
| 16:02:45 | 15 | Detention Center.  They're the one that prescribed |
| 16:02:46 | 16 | antidepressant. |
| 16:02:47 | 17 | THE COURT:  All right.  How long have you been |
| 16:02:49 | 18 | seeing Dr. Reed? |
| 16:02:51 | 19 | THE DEFENDANT:  Year and a half. |
| 16:02:51 | 20 | THE COURT:  And what are you seeing him for? |
| 16:02:53 | 21 | THE DEFENDANT:  Just emotional problems concerning |
| 16:02:57 | 22 | this. |
| 16:02:58 | 23 | THE COURT:  All right.  Has he prescribed any |
| 16:02:58 | 24 | medication for that? |
| 16:03:00 | 25 | THE DEFENDANT:  No, Your Honor. |

| | | |
|---|---|---|
| 16:03:00 | 1 | THE COURT:  Have you seen or received treatment |
| 16:03:02 | 2 | from anyone else for any mental or emotional issues? |
| 16:03:05 | 3 | THE DEFENDANT:  No, Your Honor. |
| 16:03:05 | 4 | THE COURT:  All right.  Do the issues that you're |
| 16:03:07 | 5 | seeing Dr. Reed for interfere with your ability to understand |
| 16:03:12 | 6 | what's going on here and make informed responses? |
| 16:03:14 | 7 | THE DEFENDANT:  No, Your Honor. |
| 16:03:15 | 8 | THE COURT:  Very well.  Has a court ever found |
| 16:03:18 | 9 | that you're not competent to handle your own matters or make |
| 16:03:22 | 10 | your own decisions and appointed someone to make those |
| 16:03:24 | 11 | decisions for you? |
| 16:03:25 | 12 | THE DEFENDANT:  No, Your Honor. |
| 16:03:26 | 13 | THE COURT:  You're represented here today by your |
| 16:03:28 | 14 | attorney Steve Mank.  Have you had sufficient time to discuss |
| 16:03:34 | 15 | this case with Mr. Mank, talk about the possibility you could |
| 16:03:37 | 16 | go to trial, what your charges are, what your defenses might |
| 16:03:40 | 17 | be? |
| 16:03:40 | 18 | THE DEFENDANT:  Yes, Your Honor. |
| 16:03:41 | 19 | THE COURT:  Do you think you understand the |
| 16:03:43 | 20 | proceeding against you? |
| 16:03:44 | 21 | THE DEFENDANT:  Yes, Your Honor. |
| 16:03:45 | 22 | THE COURT:  Are you confident -- I mean, are you |
| 16:03:47 | 23 | satisfied with the way that Mr. Mank is handling your case? |
| 16:03:50 | 24 | THE DEFENDANT:  Yes, Your Honor. |
| 16:03:50 | 25 | THE COURT:  Mr. Mank continues to be your attorney |

16:03:53   1   throughout this hearing, and what that means is that if at any

16:03:58   2   point before you make a response to a question I ask you or

16:04:01   3   otherwise make a statement you'd like to first consult with him

16:04:04   4   privately about what you should say, you're entitled to do

16:04:07   5   that, and if you'll just tell me that you'd like to talk to

16:04:11   6   your attorney privately, I'll give you as much time as you need

16:04:13   7   to do that.  You understand?

16:04:15   8                THE DEFENDANT:  Yes, Your Honor.

16:04:15   9                THE COURT:  On the other hand, Mr. Christiansen,

16:04:18   10  if you don't tell me that you need time to talk to your

16:04:22   11  attorney before you make a response, then we're all going to

16:04:24   12  assume that you feel comfortable with going ahead and making an

16:04:27   13  appropriate response without needing to consult with him first.

16:04:31   14  Fair enough?

16:04:32   15                THE DEFENDANT:  Yes, Your Honor.

16:04:32   16                THE COURT:  All right.  I'm going to talk to you

16:04:36   17  this afternoon about your plans to plead guilty, explain to you

16:04:39   18  some rights that you have that you'll be giving up by doing

16:04:42   19  that, and talk to you about some agreements that you're making

16:04:46   20  and that are being made to you as a part of that.

16:04:48   21                Now, Mr. Christiansen, the rest of us do this all

16:04:53   22  the time, and so I'm always concerned in a hearing like this

16:04:56   23  that we may go too fast or we may assume you understand what

16:05:00   24  we're talking about or that you're following when, in fact,

16:05:03   25  we've confused you or lost you, and I don't want that to

16:05:06  1    happen.  It's important that you understand at all times what

16:05:08  2    we're discussing.  And so if at any point you're not clear or

16:05:12  3    certain that you understand what we're discussing or what I'm

16:05:15  4    asking you, I want you to let me know and I'll be more than

16:05:17  5    happy to explain it to you until you're clear on that.  All

16:05:21  6    right?

16:05:22  7             THE DEFENDANT:  Okay.  Thank you.

16:05:22  8             THE COURT:  And, again, if you don't tell me that

16:05:25  9    you don't understand what we're talking about, then we're all

16:05:28  10   going to assume that you do, and that you're capable of making

16:05:31  11   an appropriate response to it.  Is that fair?

16:05:32  12            THE DEFENDANT:  Yes, sir.

16:05:32  13            THE COURT:  Very well.  You've been charged in

16:05:36  14   this case by the grand jury with a two-count indictment, along

16:05:48  15   with a forfeiture allegation.  And I know that we're just going

16:05:52  16   to talk about Count 1 for most of this hearing, but let me

16:05:55  17   right now talk to you about the full indictment, the two counts

16:05:59  18   of enticing a minor to engage in sexually explicit conduct and

16:06:06  19   possessing visual depictions of minors engaged in sexually

16:06:10  20   explicit conduct.  Do you understand the nature of the charges

16:06:13  21   against you?

16:06:14  22            THE DEFENDANT:  Yes, sir.

16:06:14  23            THE COURT:  Have you discussed them with Mr. Mank?

16:06:16  24   Has he explained them and answered any questions you might have

16:06:19  25   had?

16:06:20  1          THE DEFENDANT:  Yes, Your Honor.

16:06:20  2          THE COURT:  Mr. Mank, are you confident that your

16:06:22  3  client understands the nature of the charges against him?

16:06:24  4          MR. MANK:  Yes, Your Honor.

16:06:25  5          THE COURT:  Mr. Christiansen, with respect to

16:06:28  6  Count 1, which is all we'll talk about for the rest of this

16:06:31  7  afternoon's proceeding, which charges you with a violation of

16:06:33  8  18 U.S.C. 2251, production of child pornography, I'm required

16:06:38  9  to advise you that the maximum sentence which the law provides

16:06:43  10  which could be imposed upon you for violation of that offense

16:06:46  11  is a sentence of not less than 15 years nor more than 30 years,

16:06:51  12  a term of supervised release of not less than five years but up

16:06:55  13  to life, and a hundred dollar mandatory special assessment for

16:07:01  14  the Crime Victim's Fund.

16:07:02  15          Are you familiar with this?

16:07:04  16          THE DEFENDANT:  Yes, Your Honor.

16:07:04  17          THE COURT:  Let me talk to you about what

16:07:07  18  supervised release means.  Supervised release means that after

16:07:11  19  you've served whatever sentence you've received in the

16:07:16  20  penitentiary and are released, you'll be subject for

16:07:20  21  supervision by the United States Probation Office for a period

16:07:22  22  of time, and you'll be required during that period of time to

16:07:25  23  comply with the terms and conditions of supervision.  And those

16:07:28  24  terms and conditions will be announced at sentencing.  If

16:07:33  25  during that term of supervision you fail to comply with those

16:07:36   1   terms and conditions or violate them or commit another

16:07:39   2   offenses, you could be charged with violation of your

16:07:41   3   supervised release and brought back in to court.  And if I or

16:07:45   4   another judge find that you are in violation of your supervised

16:07:48   5   release, we could send you back to prison for that violation,

16:07:51   6   and we could do that even though you had already served the

16:07:54   7   full sentence given to you in this case, and we could do that

16:07:56   8   without your having the right to a trial before a jury or even

16:08:00   9   to a formal indictment such as you have in this case.  Do you

16:08:03   10  understand that?

16:08:03   11                   THE DEFENDANT:  Yes, Your Honor.

16:08:04   12                   THE COURT:  Do you have any questions about that?

16:08:05   13                   THE DEFENDANT:  No, Your Honor.

16:08:06   14                   THE COURT:  All right.  I want you to understand,

16:08:10   15  Mr. Christiansen, that if you went to trial on this charge,

16:08:14   16  this charge of production of child pornography, it would be the

16:08:17   17  burden of the United States Attorney's Office to prove to the

16:08:21   18  jury that you had done each thing that they've alleged in that

16:08:25   19  indictment that you've done.  It would not in any way be your

16:08:28   20  job or burden to prove that you were innocent of them.  The

16:08:32   21  responsibility, the burden, would be solely on the

16:08:34   22  United States to prove that you were guilty of them.  Do you

16:08:36   23  understand that?

16:08:37   24                   THE DEFENDANT:  Yes, Your Honor.

16:08:37   25                   THE COURT:  All right.  I'm told that you've

16:08:41   1   entered into a plea agreement with the United States Attorney's

16:08:42   2   Office, along with the assistance of your counsel, and I've

16:08:44   3   received a copy of that draft plea agreement.  Have you gone

16:08:48   4   through this plea agreement and discussed it with your

16:08:50   5   attorney?

16:08:50   6                    THE DEFENDANT:  Yes, Your Honor.

16:08:51   7                    THE COURT:  You think you understand what it

16:08:52   8   provides?

16:08:52   9                    THE DEFENDANT:  Yes, Your Honor.

16:08:53   10                   THE COURT:  Has your attorney answered any

16:08:55   11   questions you have about it?

16:08:56   12                   THE DEFENDANT:  Yes, Your Honor.

16:08:57   13                   THE COURT:  Mr. Mank, are you confident your

16:08:58   14   client understands the nature of the promises he's making and

16:09:01   15   the promises being made to him in this plea agreement?

16:09:03   16                   MR. MANK:  Yes, Your Honor, I do.

16:09:06   17                   THE COURT:  Mr. Christiansen, I'm going to go

16:09:08   18   through in a minute and discuss some provisions of that plea

16:09:12   19   agreement with you, but before I do that I want you to

16:09:14   20   understand one other thing first, and that is I want you to

16:09:17   21   understand that you do not have to plead guilty.  You're

16:09:22   22   entitled to have a trial if you want one.  If you go to trial,

16:09:25   23   we'll select a jury of 12 ordinary citizens who have no prior

16:09:28   24   knowledge or information about your case and each one who will

16:09:33   25   be able to persuade me that they could give you a fair and

16:09:37  1  impartial trial to sit as your jury.  At the start of the trial

16:09:42  2  I would tell the jury that it must presume you to be innocent

16:09:47  3  of every charge against you unless and until the United States

16:09:54  4  Attorney's Office could persuade each one of them, and all of

16:09:57  5  them unanimously, beyond a reasonable doubt, that you had done

16:10:01  6  each thing with which you're charged.

16:10:04  7       You'd be entitled to a speedy trial.  That means

16:10:07  8  you could not continue to be held indefinitely, but you'd have

16:10:10  9  the right to go to trial pretty much as promptly as you wanted.

16:10:14  10  You'd continue to have the right to an attorney to help you

16:10:17  11  prepare for trial and to assist you throughout trial.  At the

16:10:20  12  trial you'd have the right to see and confront every witness

16:10:24  13  that the Government called in its attempt to prove its case

16:10:27  14  against you, and your attorney would have the right to ask

16:10:29  15  those witnesses any questions which were helpful and

16:10:32  16  appropriate to your defense.

16:10:34  17       You'd have the right to call witnesses of your own

16:10:37  18  in your defense, but you yourself would have the right to not

16:10:40  19  take the stand and have to answer questions, but to remain

16:10:44  20  silent, and if you chose to remain silent, I would tell the

16:10:47  21  jury that it could not consider your silence as any evidence of

16:10:51  22  your guilt.  If you were convicted, you'd have the right to an

16:10:55  23  appeal.

16:10:56  24       Do you understand that you have all of these

16:10:59  25  rights for you if you choose -- available for you if you choose

16:11:02   1   to go to trial?

16:11:03   2              THE DEFENDANT:  Yes, Your Honor.

16:11:03   3              THE COURT:  If you plead guilty today and if I

16:11:08   4   accept your plea, you'll continue to have the right to an

16:11:12   5   attorney to assist you in any other proceeding that we have in

16:11:14   6   court, but all of these other rights I've discussed with you

16:11:17   7   you'll give up, and once I've accepted your plea, that's final,

16:11:22   8   you can't change your mind later.  Do you understand that?

16:11:24   9              THE DEFENDANT:  Yes, Your Honor.

16:11:24   10             THE COURT:  Do you have any questions about that?

16:11:26   11             THE DEFENDANT:  No, Your Honor.

16:11:26   12             THE COURT:  Do you still want to plead guilty?

16:11:31   13             THE DEFENDANT:  Yes, Your Honor.

16:11:31   14             THE COURT:  All right.  Let's walk through your

16:11:34   15   plea agreement.  And I know you said you discussed it with your

16:11:35   16   attorney, but I want to discuss a few provisions of it on the

16:11:38   17   record with you.

16:11:40   18             Paragraph one indicates that you're pleading

16:11:43   19   guilty to Count 1 of the indictment and indicates what the

16:11:46   20   maximum sentence for that is, and we've already discussed that.

16:11:49   21   But paragraph one also says that, by entering into this plea

16:11:56   22   agreement, you admit to knowingly committing this offense and

16:11:59   23   being guilty of this offense.  Is that an accurate statement,

16:12:02   24   sir?

16:12:03   25             THE DEFENDANT:  Yes, Your Honor.

16:12:04  1          THE COURT:  Paragraph one also says that the

16:12:07  2  United States agrees at the time of sentencing it will move to

16:12:10  3  dismiss the remaining count in the indictment against you.

16:12:13  4          Paragraph two sets forth the factual basis that

16:12:16  5  you're admitting to as a part of your plea.  And this is very

16:12:20  6  important, Mr. Christiansen, because I'll rely on the facts to

16:12:23  7  which you admit in deciding whether to accept your plea and

16:12:26  8  ultimately in deciding what sentence is appropriate for you in

16:12:29  9  this case.  And paragraph two says that in the course of an

16:12:34  10  investigation in North Dakota, federal agents found evidence

16:12:38  11  that the individual there being investigated had received and

16:12:41  12  recorded live streaming video from December of '09 that showed

16:12:47  13  an adult male positioning a boy approximately four to six years

16:12:52  14  old in front of a web camera and exposing his genitals by

16:12:55  15  pulling down the boy's pants and underwear.

16:12:58  16          From that video the federal agents were able to

16:13:00  17  match a driver's license photo of you to the adult male in the

16:13:04  18  recording, and they also found chat logs between you and

16:13:08  19  between this individual in North Dakota that also referenced

16:13:12  20  your exposing the minor child's genitals via the web camera.

16:13:16  21  As a part of this plea you're admitting that you are the

16:13:19  22  individual who did that and that you did those actions

16:13:22  23  disclosed on that video, and you're also admitting that this

16:13:26  24  video traveled in interstate commerce via the Internet by

16:13:30  25  computer.

16:13:30   1            Are all of these facts that I've just repeated and

16:13:34   2   recited true and correct?

16:13:35   3            THE DEFENDANT:  Yes, Your Honor.

16:13:36   4            THE COURT:  And you admit to them?

16:13:38   5            THE DEFENDANT:  Yes, Your Honor.

16:13:39   6            THE COURT:  All right.  Paragraph three talks

16:13:41   7   about the United States Sentencing Guidelines.  Have you and

16:13:46   8   Mr. Mank discussed the sentencing guidelines?

16:13:47   9            THE DEFENDANT:  Yes, Your Honor.

16:13:47  10            THE COURT:  So you understand that the sentencing

16:13:49  11   guidelines are a fairly comprehensive process by which the

16:13:53  12   various components of your offense are evaluated and assigned a

16:13:58  13   numerical value and that's plotted on a grid against any prior

16:14:02  14   criminal history that you have, to arrive at a recommended

16:14:04  15   sentence range; you understand that?

16:14:06  16            THE DEFENDANT:  Yes, Your Honor.

16:14:09  17            THE COURT:  Paragraph three says that you're

16:14:15  18   asking that those guidelines be calculated and that they be

16:14:19  19   applied by the Court in determining the sentence in this case,

16:14:23  20   and you're agreeing to waive any challenges that you might have

16:14:26  21   to make to the guidelines.  Is that accurate?

16:14:28  22            THE DEFENDANT:  Yes, Your Honor.

16:14:28  23            THE COURT:  And in connection with discussing the

16:14:33  24   sentencing guidelines with Mr. Mank, did he discuss with you

16:14:35  25   the concept of relevant conduct and explain to you what that

16:14:38    1    means?

16:14:38    2                    THE DEFENDANT:  Yes, Your Honor.

16:14:39    3                    THE COURT:  So you know that in calculating your

16:14:41    4    guideline sentence, the rules are that any conduct you've

16:14:45    5    committed that's relevant to the offense you're charged can be

16:14:49    6    used to determine what that weighted numeric number is, to

16:14:53    7    arrive at your range of sentencing, even if it's not

16:14:56    8    specifically charged against you in the count to which you're

16:14:59    9    pleading.  Do you understand that?

16:15:01   10                    THE DEFENDANT:  Yes, Your Honor.

16:15:01   11                    THE COURT:  All right.  Paragraph five sets out

16:15:04   12    the agreements that you and the Government are making, and I

16:15:08   13    want to start with yours.  Paragraph five says that you agree,

16:15:13   14    as a part of your guilty plea here, that you'll admit to the

16:15:16   15    forfeiture allegation contained in the indictment.  The grand

16:15:22   16    jury charges you with forfeiture of various items involved in

16:15:27   17    the crime with which you're charged, but that you also

16:15:31   18    understand that you have the right at the time of sentencing to

16:15:34   19    argue for a departure.  And a departure means, once the

16:15:38   20    guideline sentence is calculated, you and your attorney can

16:15:40   21    make arguments to me for a sentence that's lower than the

16:15:44   22    guideline sentence.

16:15:46   23                    The rest of paragraph five talks about agreements

16:15:49   24    that the Government's making to you as a part of your plea, and

16:15:53   25    paragraph five says that the Government agrees, as already

16:15:56   1   noted earlier, that it will move to dismiss Count 2 against you

16:15:59   2   at the time of sentencing; it agrees to recommend that you

16:16:04   3   receive the full reduction in the calculation of your

16:16:07   4   appropriate guideline level that you're entitled to for

16:16:11   5   accepting responsibility by entering your guilty plea early;

16:16:14   6   and it agrees to recommend that you receive a term of

16:16:17   7   supervised release of five years, which is the minimum under

16:16:20   8   law that you can receive.

16:16:21   9          But this paragraph also says that the Government's

16:16:25   10   agreements in this document are contingent upon you continuing

16:16:29   11   to show that you accept responsibility for your conduct, just

16:16:32   12   as you're doing by your guilty plea today, and that if, in

16:16:37   13   fact, instead you deny or give conflicting statements about

16:16:39   14   your involvement or if you falsely deny or frivolously

16:16:44   15   challenge any relevant conduct that's true, or if you willfully

16:16:49   16   obstruct or impede the administration of justice or attempt to

16:16:52   17   do so, or if you engage in any additional criminal conduct, in

16:16:55   18   any of those instances the Government has the right to request

16:16:59   19   a hearing to determine if you've breached this plea agreement.

16:17:01   20   And if I or another judge determine that you have breached the

16:17:05   21   plea agreement, then the Government will not be held to the

16:17:07   22   promises it's making in this document, but instead will be free

16:17:10   23   to file other charges against you, either relating to your

16:17:13   24   criminal conduct involved from this indictment or relating to

16:17:18   25   any false statements or obstruction-of-justice attempts that

16:17:23  1    you've tried to make in the interim.  Do you understand all

16:17:26  2    this?

16:17:26  3                    THE DEFENDANT:  Yes, Your Honor.

16:17:27  4                    THE COURT:  You know that even though the

16:17:34  5    guideline sentence is calculated and even though the Government

16:17:37  6    will make a recommendation as to that guideline sentence and

16:17:40  7    that you're entitled to make a request for a lower sentence, at

16:17:43  8    the end of the day what sentence you receive is entirely up to

16:17:46  9    me, and no one can promise you what sentence -- what that

16:17:50  10   sentence will be.  Do you understand that?

16:17:52  11                   THE DEFENDANT:  Yes, Your Honor.

16:17:52  12                   THE COURT:  And you know that once I've accepted

16:17:55  13   your guilty plea, if you don't like the sentence you receive or

16:17:59  14   if you think it's more than you were expecting, or for any

16:18:02  15   other reason for that matter, you will not be entitled to

16:18:05  16   withdraw your guilty plea and reclaim your right to go to

16:18:07  17   trial.  Do you understand that?  Are you clear about that?

16:18:09  18                   THE DEFENDANT:  Yes, Your Honor.

16:18:09  19                   THE COURT:  Very well.  We've covered a couple

16:18:17  20   other provisions in here, but I'm going to jump now to

16:18:19  21   paragraph nine, which explains that the law gives you the right

16:18:23  22   to appeal your conviction in this case and the sentence imposed

16:18:25  23   and how that sentence is calculated, but under paragraph nine

16:18:29  24   you're waiving -- it says that you're knowingly and voluntarily

16:18:34  25   waiving any right to appeal a sentence imposed as long as it's

16:18:39  1   within the guideline range that's determined, and you're

16:18:41  2   waiving any right to appeal any process about how that

16:18:46  3   guideline range is calculated.  Pretty much in this paragraph

16:18:50  4   you're waiving all of your appeal rights except if I were to

16:18:54  5   give you a sentence above the guideline range or if the

16:18:59  6   United States were to file its appeal, or a couple of other

16:19:02  7   narrow, specific instances explained in here.  Other than that,

16:19:06  8   you're waiving all of your appeal rights.  Do you understand

16:19:08  9   that?

16:19:08  10                THE DEFENDANT:  Yes, Your Honor.

16:19:09  11                THE COURT:  Are you agreeing to do that?

16:19:10  12                THE DEFENDANT:  Yes, Your Honor.

16:19:11  13                THE COURT:  Paragraph 12 explains that as a result

16:19:16  14   of your conviction by your guilty plea in this case you'll be

16:19:20  15   required to register under the Sex Offender Registration

16:19:25  16   Notification Act, and that you must keep that registration

16:19:28  17   current with respect to where you reside, where you work, and

16:19:30  18   if you're in school, where you're enrolled in school; and if

16:19:34  19   any of those change you must update your registration no later

16:19:38  20   than three business days after the change.  You understand

16:19:41  21   that?

16:19:41  22                THE DEFENDANT:  Yes, Your Honor.

16:19:41  23                THE COURT:  Paragraph 13 says that the promises

16:19:48  24   that the United States makes in this plea agreement are only

16:19:52  25   binding against the U.S. Attorney's Office for Kansas, and no

16:19:56   1   state or local prosecutor and no federal prosecutor other than

16:20:00   2   the ones in Kansas are in any way restricted by anything in

16:20:04   3   this agreement.  Is that clear?

16:20:04   4           THE DEFENDANT:  Yes, Your Honor.

16:20:05   5           THE COURT:  And, finally, the last sentence in

16:20:08   6   this plea agreement, in paragraph 14, says that you're entering

16:20:11   7   into this agreement and you're pleading guilty because you are

16:20:14   8   guilty, and that you're doing that freely and voluntarly.  Is

16:20:19   9   that a correct statement, Mr. Christiansen?

16:20:21   10           THE DEFENDANT:  Yes, Your Honor.

16:20:22   11           THE COURT:  Other than the promises made to you in

16:20:24   12   this plea agreement that I've gone through with you, has anyone

16:20:27   13   made any other promises to you to persuade you to enter a

16:20:30   14   guilty plea today?

16:20:31   15           THE DEFENDANT:  No, Your Honor.

16:20:31   16           THE COURT:  Has anyone made any threats against

16:20:33   17   you to force you to enter a guilty plea today?

16:20:37   18           THE DEFENDANT:  No, Your Honor.

16:20:37   19           THE COURT:  Has anyone used any force or violence

16:20:40   20   against you to make you plead guilty today?

16:20:42   21           THE DEFENDANT:  No, Your Honor.

16:20:43   22           THE COURT:  Counsel for both sides, have I

16:20:47   23   adequately covered this plea agreement to your satisfaction?

16:20:49   24           MR. HART:  From the Government, yes, Your Honor.

16:20:50   25           MR. MANK:  Yes, sir.

| | | |
|---|---|---|
| 16:20:52 | 1 | THE COURT:  Thank you, counsel. |
| 16:20:53 | 2 | Mr. Christiansen, I also have a document entitled |
| 16:20:55 | 3 | Petition to Enter Plea of Guilty, and I'm not going to go |
| 16:21:01 | 4 | through this in the same detail that I just went through your |
| 16:21:05 | 5 | plea agreement with you, but I want to ask you a few questions |
| 16:21:06 | 6 | about it.  Are you familiar with this petition to enter a plea? |
| 16:21:08 | 7 | THE DEFENDANT:  Yes, Your Honor. |
| 16:21:09 | 8 | THE COURT:  Have you gone through it with |
| 16:21:10 | 9 | Mr. Mank?  Has he explained it to you? |
| 16:21:11 | 10 | THE DEFENDANT:  Yes, Your Honor. |
| 16:21:13 | 11 | THE COURT:  You think you understand the |
| 16:21:14 | 12 | consequences of signing this petition and presenting it to the |
| 16:21:17 | 13 | Court? |
| 16:21:17 | 14 | THE DEFENDANT:  Yes, Your Honor. |
| 16:21:18 | 15 | THE COURT:  Mr. Mank, are you confident your |
| 16:21:20 | 16 | client understands the consequences of filing this petition |
| 16:21:23 | 17 | with the Court? |
| 16:21:23 | 18 | MR. MANK:  Yes, Your Honor, I provided him with a |
| 16:21:26 | 19 | copy of it last week and went over it with him last week, and I |
| 16:21:30 | 20 | believe he understands the content. |
| 16:21:31 | 21 | THE COURT:  Thank you, counsel. |
| 16:21:33 | 22 | Mr. Christiansen, you understand that if you sign |
| 16:21:34 | 23 | this petition and give it to me it means that you're admitting |
| 16:21:37 | 24 | under oath that you committed the crime to which you're |
| 16:21:40 | 25 | pleading and that you're, in fact, legally guilty of it? |

16:21:42  1            THE DEFENDANT:  Yes, Your Honor.

16:21:43  2            THE COURT:  And you understand by doing that that

16:21:44  3  means that you're telling me that you want to plead guilty to

16:21:49  4  that charge and you want me to accept your plea and find you

16:21:52  5  guilty?

16:21:52  6            THE DEFENDANT:  Yes, Your Honor.

16:21:52  7            THE COURT:  And you know that that means you'll be

16:21:55  8  permanently giving up your right to go to trial?

16:21:57  9            THE DEFENDANT:  Yes, Your Honor.

16:21:57  10            THE COURT:  Are you signing this petition because

16:21:59  11  you are, in fact, guilty of the crime charged against you?

16:22:02  12            THE DEFENDANT:  Yes, Your Honor.

16:22:03  13            THE COURT:  Do you have any questions about

16:22:05  14  anything I've discussed with you this afternoon?

16:22:06  15            THE DEFENDANT:  No, Your Honor.

16:22:07  16            THE COURT:  Before I take your plea, do you need

16:22:09  17  any additional time to talk to your attorney about anything at

16:22:11  18  all?

16:22:12  19            THE DEFENDANT:  No, Your Honor.

16:22:13  20            THE COURT:  Are you ready to enter your plea?

16:22:14  21            THE DEFENDANT:  Yes, Your Honor.

16:22:14  22            THE COURT:  All right.  Would you please stand.

16:22:15  23            (The defendant complies.)

16:22:19  24            THE COURT:  Shawn Marshal Christiansen, as to

16:22:21  25  Count 1 of the grand jury's indictment against you, how do you

| | | |
|---|---|---|
| 16:22:25 | 1 | plead, guilty or not guilty? |
| 16:22:25 | 2 | THE DEFENDANT:  Guilty. |
| 16:22:27 | 3 | THE COURT:  Mr. Mank, you can assist your client |
| 16:22:28 | 4 | in executing the documents and presenting them to the Court. |
| 16:22:54 | 5 | (Brief pause.) |
| 16:23:08 | 6 | THE COURT:  Counsel, do either of you know any |
| 16:23:17 | 7 | reason why I should not accept this plea? |
| 16:23:19 | 8 | MR. HART:  The Government knows of none, Your |
| 16:23:21 | 9 | Honor. |
| 16:23:21 | 10 | MR. MANK:  No, sir. |
| 16:23:22 | 11 | THE COURT:  Very well.  I find that the defendant |
| 16:23:26 | 12 | has made his plea freely, voluntarily, and because he is guilty |
| 16:23:31 | 13 | as charged, and not out of ignorance, fear, inadvertence, or |
| 16:23:36 | 14 | coercion, but with a full understanding of the consequences.  I |
| 16:23:40 | 15 | further find that he's admitted to the essential elements of |
| 16:23:43 | 16 | the crimes charged and that he's mentally competent to do so. |
| 16:23:45 | 17 | I'm, therefore, ordering that the defendant's plea of guilty be |
| 16:23:48 | 18 | accepted and entered as prayed for in the petition and as |
| 16:23:50 | 19 | recommended by his counsel. |
| 16:23:52 | 20 | I'm going to direct the United States Probation |
| 16:23:55 | 21 | Office to prepare a presentencing report on you, |
| 16:23:57 | 22 | Mr. Christiansen.  And in connection with that they'll want to |
| 16:23:59 | 23 | interview you or talk to you, and I'm advising you that you |
| 16:24:04 | 24 | should either have your attorney present for that interview or, |
| 16:24:06 | 25 | at a minimum, you should discuss it with him in advance.  You |

| | | |
|---|---|---|
| 16:24:08 | 1 | understand? |
| 16:24:09 | 2 | THE DEFENDANT:  Yes, Your Honor. |
| 16:24:09 | 3 | THE COURT:  What date can we set for sentencing? |
| 16:24:12 | 4 | COURTROOM DEPUTY:  February 21st at 10:00 a.m. |
| 16:24:15 | 5 | THE COURT:  All right.  Sentencing will be set |
| 16:24:17 | 6 | accordingly.  Defendant's in the custody of the United States |
| 16:24:20 | 7 | Marshals.  Is there any reason not to remand him there? |
| 16:24:23 | 8 | MR. MANK:  I'm sorry, is there -- |
| 16:24:24 | 9 | THE COURT:  Is there any reason not to remand the |
| 16:24:26 | 10 | defendant to the custody of the marshals? |
| 16:24:28 | 11 | MR. MANK:  No, Your Honor. |
| 16:24:28 | 12 | THE COURT:  All right.  Defendant will be remanded |
| 16:24:30 | 13 | to the custody of the marshals until the date set for |
| 16:24:32 | 14 | sentencing.  That will conclude this hearing.  Court's in |
| 16:24:34 | 15 | recess. |
| 16:24:34 | 16 | MR. MANK:  Thank you. |
| 16:24:35 | 17 | COURTROOM DEPUTY:  All rise. |
| 16:24:36 | 18 | (Whereupon, the proceedings were concluded at |
| 16:24:36 | 19 | 4:24 p.m.) |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

C E R T I F I C A T E

I, Johanna L. Wilkinson, United States Court Reporter in and for the District of Kansas, do hereby certify:

That the above and foregoing proceedings were taken by me at said time and place in stenotype;

That thereafter said proceedings were transcribed under my direction and supervision by means of computer-aided transcription, and that the above and foregoing constitutes a full, true and correct transcript of said proceedings;

That I am a disinterested person to the said action.

IN WITNESS WHEREOF, I hereto set my hand on this the 6th day of November, 2012.


　　　　s/ Johanna L. Wilkinson
　　　　Johanna L. Wilkinson, CSR, CRR, RMR
　　　　United States Court Reporter